LOLLEY, J.
| j Michael Dale Downs was originally charged with aggravated rape, forcible rape, two counts of molestation of a juvenile and two counts of indecent behavior with juveniles. In exchange for the dismissal of the remaining charges and a sentence cap of 38 years, Downs agreed to plead guilty to one count of molestation of a juvenile under La. R.S. 14:81.2(D)(1). Downs was sentenced to serve 35 years at hard labor, and this appeal ensued. Downs’ appellate counsel filed a motion to withdraw, together with a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), alleging that there are no nonfrivolous issues upon which to base an appeal. For the reasons stated herein, the motion to withdraw is granted, and Downs’ conviction is affirmed. However, because Downs’ sentence is indeterminate, we vacate the sentence and remand for resentencing.
Facts
The appellate record contains only a single bill of information. That bill, dated January 31, 2013, charges Downs with molestation of a juvenile, a violation of La. R.S. 14:81.2(D)(1), and alleges that he committed the offense between March 1, 2012, and January 10, 2013, on a child under the age of 13.
Downs appeared before the trial court to plead guilty. The transcript of the proceeding reflects that the state and Downs’ counsel discussed the terms of the plea: the dismissal of the remaining charges and a sentence cap of 38 years in exchange for Downs’ plea to the molestation charge. The trial court engaged Downs in a colloquy and determined that Downs was a 12high school graduate who could read and write and was not under the influence of drugs. Through statements from his attorney, Downs was made aware that the minimum penalty for the offense was 25 years’ imprisonment without benefits, and Downs agreed that he understood the penalty he faced was imprisonment from 25 to 38 years. The trial court explained, and Downs waived, his right to a jury trial, his right to confront and cross-examine the witnesses against him, and his right to remain silent.
As a factual basis, the state explained:
If we were to go to trial today, evidence and testimony would be presented which would include but not be limited to the testimony of both little girls that were involved in this., . They would testify, of course, by way of video at the Gingerbread House— There would be people from the crime lab who would give testimony concerning DNA that was recovered that was identifiable with in a Y chromosome DNA with this defendant. And that DNA was recovered from more than one source, but from the panties of one of the children. There would be also family members who would testify that admissions have been made to them by this defendant of having committed the crime.
The state added that Downs’ conduct included actual intercourse with the children, *209 and Downs agreed that the statement was correct. The trial court then accepted Downs’ guilty plea.
Downs returned for sentencing on January 5, 2015. The trial court reviewed a presentence investigation report and noted that Downs had accepted the consequences of his choices. Downs, born in 1978, had three children and had been married twice. He was a third-felony offender with a poor history on probation. The instant offense had a serious negative impact on the victims. For these and other reasons, the trial court chose to sentence Downs to “thirty-five years at hard labor[.]” The trial court did |3not specify that the term would be served without the benefit of parole. Downs filed a motion to reconsider sentence which the trial court denied. This appeal ensued.
Discussion
On appeal, Downs’ appellate counsel filed an Anders brief, which alleges that he could find no nonfrivolous issues to raise on appeal. See also State v. Jyles, 1996-2669 (La.12/12/97), 704 So.2d 241; State v. Mouton, 1995-0981 (La.04/28/95), 653 So.2d 1176; and, State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). The brief outlines the procedural history of the case and the facts of the case set forth by the state, as previously noted. The brief also contains “a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.” Jyles, supra at 242. Defense counsel also verified that he mailed copies of the motion to withdraw and his brief to Downs, in accordance with Anders, Jyles, Mouton, and Benjamin, supra.
On August 10, 2015, this court issued an order holding the motion to withdraw in abeyance, rescinding the pro se briefing deadline, and notifying Downs he could file a brief in this appeal within 30 days of the date of the order and file a request to view the appellate record within 10 days of the date of the order. Downs was further advised that if no brief was timely filed, the appellate record would be reviewed only for error patent. Nonetheless, Downs never requested the record and did not file a brief. To date, no pro se brief or any other brief on Downs’ behalf has been received.
|/Thus, pursuant to La. C. Cr. P. art. 920, the appeal record will be reviewed for errors patent only, which review reveals only a single error. A defendant is precluded from seeking review of his sentence because it was imposed under a sentencing cap in conformity with a plea agreement set forth in the record at the time of the plea. See La. C. Cr. P. art. 881.2; State v. Young, 1996-0195 (La.10/15/96), 680 So.2d 1171. However, review of the sentence for illegality or indeterminateness is not precluded.
Louisiana R.S. 14:81.2(D)(1) provides:
D. (1) Whoever commits the crime of molestation of a juvenile when the victim is under the age of thirteen years shall be imprisoned at hard labor for not less than twenty-five years nor more than ninety-nine years. At least twenty-five years of the sentence imposed shall be served without benefit of probation, parole, or suspension of sentence. (Emphasis added.)
Here, the trial court did not impose any of Downs’ sentence without benefits, so it is illegally lenient. In some instances, this omission is self-correcting. See La. R.S. 15:301.1. However, when the statute provides that “at least” a portion of the sentence must be served without benefits, the duration of the parole disability is a matter of the trial court’s discretion. Because La. R.S. 14:81.2(D)(1) requires “at least” 25 years of the sentence to be *210 served without benefits, but the defendant was sentenced to serve 35 years at hard labor, the trial court had discretion to impose all of the defendant’s sentence, or some lesser portion that is equal, to or greater than 25 years, without benefits.[1]
| ^Accordingly, the sentence must be vacated and the ease remanded for resen-tencing in compliance with La. R.S. 14:81.2(D)(1). State v. Carter, 43,304 (La. App.2d Cir.06/18/08), 987 So.2d 364, writ denied, 2008-2752 (La.09/25/09), 18 So.3d 86.
CONCLUSION
For the foregoing reasons, counsel’s motion to withdraw is granted, and Michael Dale Downs’ conviction affirmed. His sentence is vacated, and the matter remanded for resentencing.
CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.

. The defendant will not be eligible for parole because he is a third-felony offender, La, R.S. 15:574.4(A)(l)(a), but his sentence is still illegally lenient despite this provision.