STONE, J.
fThe defendant, George Edward Higgins, pled guilty to forcible rape and sexual battery, and agreed to 40 years at hard labor for forcible rape and 50 years at hard labor for sexual battery,'to be served concurrently, Higgins requested and was granted this appeal; however, appellate counsel filed a motion to withdraw, together with a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 493 (1967), alleging there are no nonfrivolous issues upon which to base an appeal. For the following reasons, the motion to withdraw is granted, Higgins’ convictions are affirmed, and his sentences are .vacated and remanded for resentenc-ing.
FACTS AND PROCEDURAL HISTORY
George Edward Higgins (“Higgins”) was indicted by a grand jury for aggravated rape, aggravated incest, and aggravated battery, based on egregious sexual conduct with his juvenile daughter from 2007 to 2013. At the arraignment, Higgins pled not guilty and not guilty by reason of insanity, to all charges. Counsel for Higgins requested the. trial court, appoint a sanity commission and make a determination about Higgins’ competency. The trial court signed an order appointing two physicians to examine Higgins and render reports concerning his mental condition at the time of the alleged offenses, his capacity to understand the proceedings against .him, and his ability to assist in his defense.
Higgins pled guilty to the lesser charges of attempted aggravated rape and sexual battery. The trial court accepted Higgins’ guilty pleas and sentenced him to 50 years at hard labor, without the benefit of parole, probation, or suspension of sentence, for the attempted aggravated rape conviction and 50 years at hard labor, 25 years of *1283 which would be served ^without probation, parole, or suspension of sentence, for the sexual battery conviction. However, the trial court failed to conduct a sanity hearing and this Court was forced to vacate Higgins’ convictions and sentences and remand the matter.
On remand, a sanity hearing was conducted and based on the reports of the appointed physicians, the trial court found Higgins was competent at the time of the alleged crimes, and competent to stand trial. The state subsequently charged Higgins by an amended bill of information with forcible rape in violation of La. R.S. 14:42.1, and sexual battery, in violation of La. R.S. 14:43.1. In exchange for his guilty pleas, Higgins agreed to serve 40 years at hard labor for the forcible rape conviction and 50 years at hard labor for the sexual battery conviction, with the sentences to run concurrently.
Higgins requested and was granted this appeal. His appellate counsel has filed an Anders brief, seeking to withdraw, on grounds that he could find no nonfrivolous issues to raise on appeal. See Anders v. California, supra, State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241; State v. Mouton, 95-0981 (La. 04/28/95), 653 So.2d 1176; and State v. Benjamin, 573 So.2d 528 (La. App. 4 Cir. 1990).
DISCUSSION
We note appellate counsel’s brief contains no assignments of error and conforms to the procedures set forth in Anders and Jyles, supra. The brief outlines the facts and procedural history of the case and the action of the trial court. The brief also contains “a detailed and renewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.” Jyles, supra. Appellate counsel further verifies lain his certificates of service that he has mailed copies of the motion to withdraw and appellate brief ’to Higgins, in accordance with Anders, Jyles, Mouton, and Benjamin, supra.
In accordance with the applicable jurisprudence, appellate counsel also notified Higgins of his right to file a pro se brief and sought to withdraw from the case. This court issued an order holding the motion to withdraw in abeyance and rescinding the pro se briefing deadline. Higgins was granted an additional 30 days to file a pro se brief and an additional 10 days to view'the'appellate record. To date, rio pro se brief or any other brief has been, received on Higgins’ behalf.
After a thorough examination of the appellate record, we agree with appellate counsel that there are no nonfrivolous issues to be raised on appeal. Higgins was properly charged by an amended bill of information.' Higgins was present in court and represented by counsel at all important stages of the proceedings. His guilty pleas complied with the law and he freely and . voluntarily entered into a valid plea agreement. The trial court advised Higgins of the nature of the charges against him, the consequences of ⅛ his guilty pleas, and the sentencing ranges he would have been exposed to had he not entered into the plea agreement. Higgins was properly advised of his rights and agreed to the imposed. concurrent sentences of 40 years and 50 years, at hard labor. Accordingly, appellate counsel’s motion to withdraw is granted.
ERROR PATENT
Our error patent review of the record revealed the trial court failed to impose proper restriction of sentence benefits as to each conviction. A defendant convicted of forcible rape shall be imprisoned for not less than 5 Lyears nor more than 40 years at hard labor. At least 2 years of the sentence must be served without the bene *1284 fit of probation, parole, or suspension of sentence. La. R.S. 14:42.1(B). Likewise, a defendant convicted of sexual battery under La. R.S. 14:43.1, when the defendant acted without the consent of the victim, or when the victim had not yet attained 15 years of age and was at least 3 years younger than the defendant, shall be imprisoned at hard labor for no less than 25 years nor more than 99 years. At least 25 years of the sentence imposed shall be served without the benefit of probation, parole, or suspension of sentence. La. R.S. 14:43.1(0(2).
Upon sentencing Higgins, the trial court failed to address the restriction of benefits for each sentence, and this failure renders Higgins’ sentences illegally lenient. Since the trial court maintains some discretion as to the length of the benefit restrictions, this error cannot be cured on appeal. Accordingly, the sentences are vacated and the case is- remanded for resen-tencing in compliance with La. R.S. 14:42.1 and La. R.S. 14:43.1(C)(2). State v. Downs, 50,345 (La. App. 2 Cir. 01/13/16), 186 So.3d 207; State v. Carter, 43,304 (La. App. 2 Cir. 06/18/08), 987 So.2d 364, writ denied, 08-2752 (La. 09/25/09), 18 So.3d 86.
CONCLUSION
For the foregoing reasons, the motion to withdraw is granted and Higgins’ convictions are confirmed. Higgins’ sentences are vacated, and the matter is remanded for resentencing.
MOTION TO WITHDRAW GRANTED; CONVICTIONS AFFIRMED; SENTENCES VACATED AND REMANDED WITH INSTRUCTIONS.