**STATE of Louisiana**

v.

**Michael E. NORRIS**

**NO. 16–KA–394**

Court of Appeal of Louisiana,
Fifth Circuit.

December 14, 2016

COUNSEL FOR PLAINTIFF/APPEL-
LEE, STATE OF LOUISIANA, Paul D.
Connick, Jr., Terry M. Boudreaux

COUNSEL FOR DEFENDANT/AP-
PELLANT, MICHAEL E. NORRIS,
Bruce G. Whittaker

Panel composed of Fredericka Homberg Wicker, Jude G. Gravois, and Robert A. Chaisson

### FREDERICKA HOMBERG WICKER, JUDGE

After filing an application for post-conviction relief, defendant, Michael Norris, received leave to file this out-of-time appeal following his conviction and sentencing for vehicular homicide in violation of La. R.S. 14:32.1 and for first degree vehicular negligent injuring, while under the influence of alcohol, in violation of La. R.S. 14:39.2. Defendant's appointed counsel has filed an appellate brief pursuant to *Anders v. California* and has further filed a motion to withdraw as counsel of record. Defendant has not submitted a *pro se* supplemental brief. For the following reasons, we grant defense counsel's motion to withdraw and affirm defendant's convictions and his sentence on the first degree negligent injuring count. Finding several errors patent, we vacate defendant's sentence on the vehicular homicide count and remand for resentencing in a manner consistent with this opinion.

## STATEMENT OF THE CASE

On September 12, 2013, the Jefferson Parish District Attorney's Office filed a bill of information charging defendant with vehicular homicide of Laura Armstrong in violation of La. R.S. 14:32.1 (count one) and with first degree negligent injuring of Deyonna White, while under the influence of alcohol, in violation of La. R.S. 14:39.2 (count two). The bill alleged that both offenses occurred on April 15, 2013. On October 7, 2013, defendant appeared for his arraignment and pled not guilty to the charges.

On September 23, 2014, defendant withdrew his pleas of not guilty and pled guilty to both offenses. In accordance with the plea agreement, the district court sentenced defendant on count one to fifteen years at hard labor, with eleven of those years suspended, and placed defendant on active probation for a term of five years. With respect to count two, the district court sentenced defendant to a term of four years. The district court ordered that defendant serve the sentences on count one and count two concurrently and that defendant be given credit for time served. As conditions of probation, the district court also ordered defendant to pay (1) restitution to the victims in the total amount of $184,361.15, (2) $150 to the Jefferson Parish Sheriff's Office, and (3) $150 to the Indigent Defender Board.

On February 24, 2016, defendant filed an application for post-conviction relief, alleging that the commitment order did not accurately reflect the sentence the district court imposed and that the Department of Corrections was improperly calculating his "good time" claim.[1] In response to defendant's first claim, the district court ordered the clerk of court to issue a *nunc pro tunc* minute entry, correcting the commitment order to reflect the four-year sentence the court imposed on the negligent injuring count. With respect to defendant's second claim, the district court granted defendant an out-of-time appeal.

---

1. Although the district court granted defendant an out-of-time appeal to address this claim, defendant's appointed appellate counsel does not make any arguments about the calculation of defendant's "good time." Even if counsel had raised this argument, we could not have reached it. Under La. R.S. 15:571.15, the appropriate venue for "any action in which an individual committed to the Department of Public Safety and Corrections contests the computation of his sentence or sentences, discharge, good time dates, or any action concerning parole shall be in the parish of East Baton Rouge." Thus, if defendant desires review of this claim, he must file an action in the parish of East Baton Rouge.

## FACTS

Defendant pled guilty without proceeding to a full trial. During the guilty plea colloquy, defendant admitted that he was responsible for the death of Laura Armstrong and for the injuries Deyonna White sustained, which occurred when he drove his vehicle while taking "prescription medication" and "failed to yield the right of way and turned in, directly into the path of another vehicle with three passengers." During the plea colloquy, the district court noted defendant had both hydrocodone and marijuana in his system at the time of the accident.

## |₃ANDERS BRIEF

Under the procedure this Court adopted in *State v. Bradford*, 95–929, pp. 3–6 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110–11, defendant's appointed appellate counsel has filed a brief asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *State v. Jyles*, 96–2669 (La. 12/12/97), 704 So.2d 241 (per curiam), appointed counsel requests permission to withdraw as counsel of record.

In *Anders*, the United States Supreme Court determined that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it. In *Jyles*, the Louisiana Supreme Court explained that an *Anders* brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." 96–2669 at 2, 704 So.2d at 241.

■ When counsel files an *Anders* brief, an appellate court reviews (1) the bill of information, to insure that the defendant was properly charged, (2) all minute entries, to insure that the defendant was present at all crucial stages, (3) all pleadings in the record, and (4) all transcripts, to determine whether any ruling provides an arguable basis for appeal. *State v. Wingerter*, 05–697, p. 5 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664. When conducting a review for compliance with *Anders*, an appellate court must conduct an independent review of the trial court record to determine whether the appeal is wholly frivolous. *Bradford*, 95–929 at 4, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to |₄withdraw and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. *Id.*

■ In this case, appointed appellate counsel's brief demonstrates that after a detailed review of the record, counsel could find no non-frivolous issues to raise on appeal. The State agrees and urges this Court to grant defense counsel's request to withdraw as counsel of record. An independent review of the record supports defense counsel's assertion that there are no non-frivolous issues for appeal.

First, the bill of information properly sets forth the offenses charged. Moreover, it plainly and concisely stated the essential facts constituting the charged offenses. It also sufficiently identified defendant and the crimes charged. *See* La. C.Cr.P. arts. 464–66.

As reflected by the minute entries, defendant appeared at each stage of the proceedings against him in accordance with La. C.Cr.P. art. 831, including his arraignment, his guilty plea proceeding, and his sentencing.

■ Further, defendant pled guilty as charged to vehicular homicide and first degree vehicular negligent injuring. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief. *Wingerter*, 926 So.2d at 664. The record indicates that defendant filed a motion to suppress evidence, which was denied by the trial court. This Court denied writs seeking review of the district court's denial of defendant's motion to suppress. *State v. Norris*, 14–202 (La. App. 5 Cir. 5/8/14) (unpublished writ disposition). Defendant failed to preserve this pre-trial ruling for appeal under the holding in *State v. Crosby*, 338 So.2d 584, 591 (La. 1976).

■ |₅Additionally, a review of the record reveals no irregularities in defendant's guilty pleas. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. *State v. McCoil*, 05–658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the *Boykin* colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea

bargain and that bargain is not kept. *Id.* The record shows that defendant was aware he was pleading guilty to vehicular homicide (a violation of La. R.S. 14:32.1) and first degree vehicular negligent injuring (a violation of La. R.S. 14:39.2).² The district court also properly advised defendant of his rights under *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). On the waiver of rights form and during the colloquy with the trial judge, defendant was advised of his right to a judge or jury trial, his right to confrontation, and his privilege against self-incrimination. On the waiver of rights form, defendant made an affirmative notation next to these rights and placed his signature at the end of the form, indicating that he understood he was waiving these rights by pleading guilty. Moreover, during the colloquy with the trial judge, defendant also indicated that he understood he was waiving these rights.

Further, the record fully supports the district court's conclusion that defendant pled guilty knowingly, intelligently, freely, and voluntarily. The district court informed defendant that his guilty pleas could be used to enhance a penalty for any future conviction. Defendant indicated that he understood the possible legal consequences of pleading guilty and confirmed that he had not been forced, |₆intimidated, or coerced into entering his guilty pleas. Further, the district court notified defendant during the colloquy and by means of the waiver of rights form of the sentencing ranges for the offenses as well as the actual penalties that would be imposed

---

**2.** The waiver of rights form lists the crimes to which defendant pled guilty. Specifically, the form lists "R.S. 14:32.1 (Vehicular Homicide, Count 1) and **14:39.1** (1ˢᵗ Degree Vehicle Negligent Injury, Count 2)" (emphasis added). While the description of the crime is correct, the form lists the incorrect *statutory citation* for first degree vehicular negligent injuring— that is, La. R.S. **14:39.2**. Nevertheless, the

colloquy between the trial judge and defendant reveals that defendant was aware he was in fact pleading guilty to a violation of La. R.S. 14:39.2, as evidenced by the court's reading of the statutory citation as well as the description, and defendant's acknowledgment of his guilty plea to first degree vehicular negligent injuring.

upon acceptance of his guilty pleas. After the plea colloquy with defendant, the district court accepted defendant's guilty pleas as knowingly, intelligently, freely, and voluntarily made.

Finally, the record reflects that the district court sentenced defendant in conformity with the plea agreement and that defendant's sentences fall within the prescribed statutory sentencing ranges. *See* La. R.S. 14:32.1; La. R.S. 14:39.2. Further, defendant's sentences were imposed pursuant to, and in conformity with, the plea agreement. La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. *State v. Moore,* 06–875, p. 15 (La.App. 5 Cir. 4/11/07), 958 So.2d 36, 46; *State v. Washington,* 05–211 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173.

After an independent review of the record, we find the record supports counsel's assertion that the pleadings and proceedings leading to defendant's convictions do not present any non-frivolous issues for appeal. We further find that appellate counsel's brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal.

**ERRORS PATENT**

Although defense counsel's brief requests an errors patent review, this Court routinely reviews the record for errors patent in accordance with La. C.Cr.P. art. 920, *State v. Oliveaux,* 312 So.2d 337 (La. 1975), and *State v. Weiland,* 556 So.2d 175 (La. App. 5 Cir. 1990), regardless of whether defendant makes such a request. A thorough examination of the record reveals the following errors patent:

■ Defendant's sentence for vehicular homicide in violation of La. R.S. 14:32.1 is illegally lenient in three respects. First, contrary to La. R.S. 14:32.1(B), the district court failed to order that defendant must serve *at least three years* of his sentence on count one without benefit of probation, parole, or suspension of sentence. Here, the district court sentenced defendant to fifteen years imprisonment at hard labor, with eleven of these years suspended, and placed defendant on active probation for a term of five years. Thus, the trial court failed to order that *at least three years* of defendant's sentence is to be served without benefit of probation, parole, or suspension of sentence. La. C.Cr.P. art. 556.1(A)(1) provides that, prior to accepting a guilty plea, the court must personally inform the defendant of the nature of the charge to which the plea is offered, any mandatory minimum penalty and the maximum possible penalty. Here, while defendant knew—as evidenced by a notation on his waiver of rights form setting forth the mandatory minimum penalty for vehicular homicide—that the mandatory minimum penalty included the restriction that three years must be served without benefit of probation, parole, or suspension of sentence, defendant was not informed that *his* sentence would be imposed without these benefits. Nevertheless, any variance from the procedure required by Article 556.1 that does not affect the substantial rights of the accused shall not invalidate the plea. La. C.Cr.P. art. 556.1(E).

Here, the record does not indicate that there was any inducement regarding the restriction of benefits in this case. Further, defendant does not suggest the restriction of benefits served as an inducement. Indeed, defendant does not raise any assignments of error concerning his sentence in his brief before this Court, does not allege that his plea was involuntary, and does not move to withdraw his guilty plea. Accordingly, we find that the district court did not violate the terms of the plea agreement when sentencing defendant and that the district court's failure

to inform defendant of this benefits restriction did not affect defendant's substantial rights. *See State v. Landfair*, 07–751, pp. 5–6 (La.App. 5 Cir. 3/11/08), 979 So.2d 619, 622–23, *writ denied*, 08–1143 (La. 1/9/09), 998 So.2d 713. Usually such an omission is corrected as a matter of law by virtue of La. R.S. 15:301.1. *See State v. Williams*, 10–265, p. 12 (La.App. 5 Cir. 11/9/10), 54 So.3d 98, 105–06. However, in this case, the restriction of benefits was within the trial court's discretion, as the statute mandates that the district court must impose *"[a]t least* three years of the sentence" without benefit. Accordingly, we vacate defendant's sentence for his conviction of vehicular homicide and remand for resentencing in accordance with La. R.S. 14:32.1(B). *See State v. Alfaro*, 13–39 (La. App. 5 Cir. 10/30/13), 128 So.3d 515, 534.

Second, the district court failed to require defendant to participate in a mandatory court-approved substance abuse program, as required by La. R.S. 14:32.1(B). Although the trial court **recommended** that defendant "be allowed to participate in any and all substance abuse programs" offered by the Department of Corrections, it failed to **require** that he participate in a **court-approved** substance abuse program as part of his original sentence as mandated by the sentencing provisions of the statute. Thus, defendant's sentence is illegally lenient. Accordingly, on remand, we direct the district court to specify the substance abuse program in which defendant must participate, to correct the commitment to reflect the new order, and to transmit a copy of the corrected commitment to the Department of Corrections' legal department. *State v. Long*, 12–184, pp. 10–11 (La.App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142.

Third, the district court failed to impose the mandatory fine of "not less than two thousand dollars nor more than fifteen thousand dollars" which La. R.S.

14:32.1 requires. An appellate court has the authority under La. C.Cr.P. art. 882 to correct an illegally lenient sentence at any time, even if neither the defendant nor the State raised the issue. *State v. Campbell*, 08–1226, p. 8 (La.App. 5 Cir. 5/26/09), 15 So.3d 1076, 1081, *writ denied*, 09–1385 (La. 2/12/10), 27 So.3d 842. This authority is permissive rather than mandatory. *State v. Horton*, 09–250, p. 10 (La.App. 5 Cir. 10/27/09), 28 So.3d 370, 376. This Court has used that authority to notice the failure of the trial court to impose a mandatory fine and the authority to remand the matter to the trial court for imposition of a mandatory fine. *State v. Shaw*, 12–686, p. 14 (La. App. 5 Cir. 1/16/13), 108 So.3d 1189, 1198. However, often in indigent defender matters, this Court has decided not to exercise this authority. *Horton*, 09–250 at 10, 28 So.3d at 376. In the present case, Louisiana Appellate Project represents defendant. Given defendant's indigent status and the fact that the district court sentenced defendant pursuant to a guilty plea, we decline to exercise our authority to order the district court to impose the mandatory fine on remand. *See State v. England*, 09–746, pp. 12–13 (La.App. 5 Cir. 3/9/10), 38 So.3d 383, 391.

Our examination of the record also reveals some errors concerning the imposition of the conditions of defendant's probation. Following the plea colloquy, the district court sentenced defendant for his violation of La. R.S. 14:32.1, as follows:

Mr. Norris, as to Count 1, the Court is going to sentence you to 15 years of hard labor in the Department of Corrections. I'll suspend imposition of 11 of those years and place you on 5 years of active probation. You'll be ordered to pay restitution. In addition to $150 to the Jefferson Parish Sheriff's Office and $150 to the Indigent Defender Board.

While the trial court thereafter established a payment schedule for the fees ordered to

be paid to the Jefferson Parish Sheriff's Office and the Indigent Defender Board as a condition of defendant's probation, it did not establish a schedule for the payment of the $184,361.15 in restitution, a sum to which the parties agreed and which the district court ordered defendant to pay pursuant to a restitution hearing held on October 23, 2014.

La. C.Cr.P. art. 895.1(A)(1) states that "restitution payment shall be made, in discretion of the court, either in a lump sum or in monthly installments based on the earning capacity and assets of defendant." Here, the record reflects the trial court failed to determine defendant's earning capacity and the manner in which defendant would pay restitution as required by La. C.Cr.P. art. 895.1. Accordingly, on remand, we direct the district court to determine the manner in which defendant will pay the agreed upon restitution, as well as a schedule for payment, if applicable, based on defendant's earning capacity and assets. *See State v. Joseph*, 09–400, p. 16 (La.App. 5 Cir. 12/29/09), 30 So.3d 157, 166–67.

Moreover, although the trial court set a schedule for the fees to be paid to the Jefferson Parish Sheriff's Office and the Indigent Defender Board, the trial court failed to impose the other mandatory conditions of probation as required by La. C.Cr.P. art. 895(A). Additionally, there is nothing in the record to indicate that the district court gave defendant a certificate setting forth the conditions of probation and that defendant agreed in writing to those conditions, as required by La. C.Cr.P. art. 895(J).

Accordingly, on remand, we also order that the district court implement a restitution payment schedule and impose the req-

uisite probation conditions in writing consistent with La. C.Cr.P. arts. 895 and 895.1.

## CONCLUSION

Because appellate counsel's brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and because an independent review of the record supports counsel's assertion, we grant defendant's motion to withdraw as attorney of record and affirm defendant's convictions and the sentence on his conviction for first degree vehicular negligent injuring in violation of La. R.S. 14:39.2. Finding several errors patent related to defendant's sentence for vehicular homicide in violation of La. R.S. 14:32.1, we vacate defendant's sentence on this count and remand with instructions for the district court (1) to resentence defendant in accordance with the benefit restrictions set out in La. R.S. 14:32.1(B), (2) to specify the court-approved substance abuse program in which defendant must participate, and (3) to impose the requisite probation conditions in writing to which defendant must agree, including a determination of the manner in which defendant will pay the agreed upon restitution to the victims, based on defendant's earning capacity and assets.

**CONVICTIONS AFFIRMED; SENTENCE ON COUNT TWO AFFIRMED; SENTENCE ON COUNT ONE VACATED; REMANDED FOR RESENTENCING; MOTION TO WITHDRAW GRANTED**