WILLIAMS, J.
*780 The defendant, Diane Ellen Patrick, was charged by bill of information with vehicular homicide, a violation of La. R.S. 14:32.1. The defendant pled guilty as charged without an agreement as to sentencing. The defendant was sentenced to pay a $3,000 fine and serve 22 years' imprisonment at hard labor. Defendant appeals her sentence as excessive. For the following reasons, we vacate the illegally lenient sentence and remand for resentencing.
FACTS
The record shows that on December 6, 2014, the defendant was driving a pickup truck north on Buncombe Road in Shreveport, Louisiana, when her vehicle left the roadway and struck Se'Destini Fields, a 23-year-old woman who was canvassing the neighborhood on foot for the Democratic Party with her fiancé. Fields was transported to University Health System Hospital where she ultimately passed away as a result of her injuries. Defendant was taken by the police from the scene to University Health, where she voluntarily submitted a blood sample for toxicological analysis. The results of the blood test revealed that defendant was under the influence of benzodiazepines, cannabinoids and opiates at the time the sample was taken. After being advised of her rights under Miranda v. Arizona , 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), defendant told police she had taken three Xanax pills, two or three hydrocodone pills and had smoked marijuana the night before the accident. Defendant was arrested and charged with vehicular homicide. Defendant pled guilty as charged and the district court ordered a presentence investigation.
At the sentencing hearing, the defendant's sons, Bradley Stuckey and Dustin Stuckey, testified on their mother's behalf. Both men stated that their mother was very apologetic for her actions. Dustin Stuckey stated that he believed that his mother's drug addiction started after she was prescribed pain medications following an accident. Defendant addressed the trial court and apologized to the victim's family.
Prior to imposing sentence, the trial court noted its review and consideration of the relevant sentencing factors set forth in La. C.Cr.P. art. 894.1, and the information provided in the presentence investigation report. The trial court stated that it had also reviewed all of the investigative reports, as well as letters submitted by the victim's family members and friends. The trial court determined that the maximum sentence was not warranted because the defendant had accepted responsibility for her actions and spared the victim's family the anguish of a trial. However, the trial court also concluded that defendant should have known that her conduct placed the lives of innocent people at risk, especially given her level of impairment, and that she had utilized a dangerous weapon, her vehicle, during the commission of the crime. The trial court recognized that defendant's crime resulted in a permanent loss to the victim and her family.
*781 The defendant's criminal history was especially relevant to the trial court's consideration of the appropriate sentence because it demonstrated a "history over the past-most seriously over the past six years or so of drug abuse and driving under the influence of a controlled dangerous substance[.]" In particular, the trial court noted that defendant had pled guilty to driving while intoxicated, first offense, in 2013 and driving while intoxicated, second offense, in 2014. The trial court explained that this history shows that defendant was aware that she needed to seek treatment for her addiction, but refused to do so before her conduct resulted in the loss of life. Defendant's cooperation with police and her decision to take responsibility for her actions were considered mitigating factors by the trial court.
Based upon the aforementioned factors, the trial court sentenced defendant to pay a $3,000 fine and serve 22 years' imprisonment at hard labor. Defendant was also ordered to pay $5,000 in restitution to the victim's family to cover funeral expenses. The trial court specifically noted that it was not designating the defendant's offense as a crime of violence. The defendant's motion for reconsideration of sentence was denied. This appeal followed.
DISCUSSION
The defendant contends the trial court erred in imposing an excessive sentence. Defendant argues she is entitled to a less harsh sentence because she accepted responsibility for her actions by pleading guilty.
In reviewing a claim of excessive sentence, the appellate court first considers whether the record shows that the trial court took cognizance of the sentencing guidelines in La. C.Cr.P. art. 894.1. State v. Jackson , 51,011 (La. App. 2 Cir. 1/11/17), 211 So.3d 639 ; State v. Taylor , 49,467 (La. App. 2 Cir. 1/14/15), 161 So.3d 963. The record should reflect adequate consideration of those guidelines. Id.
The reviewing court next determines whether the sentence is constitutionally excessive by considering whether the sentence is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless infliction of pain and suffering. La. Const. art. I, § 20 ; State v. Dorthey , 623 So.2d 1276 (La. 1993) ; State v. Lindsey , 50,324 (La. App. 2 Cir. 2/24/16), 189 So.3d 1104. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. Id.
The trial court has wide discretion in the imposition of sentences within the statutory limits and such sentences should not be set aside as excessive in the absence of a manifest abuse of that discretion. State v. Williams , 2003-3514 (La. 12/13/04), 893 So.2d 7 ; State v. Washington , 50,337 (La. App. 2 Cir. 1/13/16), 185 So.3d 852. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Jackson , 48,534 (La. App. 2 Cir. 1/15/14), 130 So.3d 993.
The penalty for conviction of vehicular homicide is a fine of not less than $2,000 nor more than $15,000 and imprisonment with or without hard labor for not less than 5 years nor more than 30 years, with at least 3 years of the sentence to be served without benefit of parole, probation or suspension of sentence. If the offender was previously convicted of a violation of La. R.S. 14:98, then at least five years of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The court shall require the offender to participate in a *782 court-approved substance abuse program. La. R.S. 14:32.1(B).
The record indicates that the trial court thoroughly considered the sentencing factors set forth in Article 894.1, including the relevant mitigating factors, i.e., defendant's expression of remorse, her cooperation with police during the investigation, and her decision to take responsibility for her actions. The trial court also recognized the aggravating factors, including defendant's history of driving while under the influence of a controlled dangerous substance.
Furthermore, the sentence imposed is not out of proportion to the seriousness of the offense. Considering the facts of this tragic case, including the youth of Fields when she died, the permanent loss suffered by her family and the risk of death or great bodily harm that defendant created by driving through a busy neighborhood while intoxicated, the sentence imposed does not shock the sense of justice. While on the higher end of the sentencing range, the sentence imposed is not the maximum sentence allowable by law. Based upon this record, the trial court was well within its ample discretion in imposing the 22-year sentence for this defendant. The assignment of error lacks merit.
Error Patent
Our review of this record shows that the defendant's sentence is illegally lenient. As noted above, La. R.S. 14:32.1(B) provides that if an offender was previously convicted of a violation of La. R.S. 14:98, then "at least" 5 years of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence and that the court shall require the offender to participate in a court-approved substance abuse program. During sentencing, the trial court noted that defendant had two prior convictions for driving while intoxicated, violations of R.S. 14:98. Thus, at least five years of defendant's sentence should have been imposed without the benefit of parole, probation or suspension of sentence.
This error is not automatically corrected under La. R.S. 15:301.1, because the penalty language of the statute gives the trial court discretion in determining the exact length of time that benefits are to be withheld. Accordingly, the sentence must be vacated and the case remanded to the trial court for resentencing in compliance with La. R.S. 14:32.1(B). See State v. Boehm , 51,229 (La. App. 2 Cir. 4/5/17), 217 So.3d 596 ; State v. Rose , 50,861 (La. App. 2 Cir. 9/28/16), 206 So.3d 1102. In addition, on remand the district court is directed to specify the substance abuse program in which the defendant must participate. See State v. Norris , 2016-394 (La. App. 5 Cir. 12/14/16), 207 So.3d 1199.
CONCLUSION
For the foregoing reasons, the defendant's conviction is affirmed. The sentence is vacated and this matter is remanded for resentencing, particularly directing the district court to determine the period of benefit restriction and specify the approved substance abuse program.
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING WITH INSTRUCTIONS.