MOORE, J.
Ashley Nicole Heins pled guilty as charged to vehicular homicide and received a sentence of 25 years at hard labor, including three years without benefits. She now appeals her sentence as excessive. We find no excessiveness, but vacate and remand the sentence for compliance with La. R.S. 14:32.1B.
Shortly after 3:00 pm on August 18, 2015, Heins was driving a 2003 Kia Optima north in the inside southbound lane of Linwood Avenue in Shreveport. Near the intersection with West 83rd Street, she collided head-on with a Suzuki motorcycle that was riding south, properly in the inside southbound lane of Linwood. Police responded to this major crash and found the cyclist, 55-year-old Franklin Jacobs, lying on the ground, unconscious and with massive injuries. He was taken to University Health, where doctors were unable to restore his consciousness; several days later, his family took him off life support.
Heins told an officer at the scene that she did not know what happened: "the motorcycle came out of nowhere and appeared in front of" her car. She also said she was on her way to rehab, and had taken four Klonopin, a tranquilizer; the officer felt that her condition contributed to the accident. (He also found that Heins had no insurance or valid driver's license, and that the Kia had switched tags.) A police corporal officer gave her her Miranda rights, and she admitted having taken Klonopin, Latuda (an antipsychotic) and Flexeril (a muscle relaxer); she repeatedly fell asleep in the patrol car, while talking to officers, and while submitting to a blood test. Officers later talked to witnesses who had seen Heins driving erratically just before this accident-swerving around an 18-wheeler on the Inner Loop and striking a cement guardrail on Linwood.
Heins's toxicology report was positive not only for Klonopin and Flexeril, but for benzodiazepines and Xanax (minor tranquilizers), Tramadol (an opioid pain medication) and Buprenorphine (a drug for treating opioid addiction), all Schedule III CDS.
*1167 The state charged Heins by bill of information with vehicular homicide, La. R.S. 14:32.1A(3). She initially pled not guilty, but on March 2, 2016, she appeared before the district court, withdrew her prior plea and pled guilty as charged. There was no agreement as to sentence.
At the hearing, Heins testified that she was 36 years old, had completed 11th grade, had discussed the charge with her attorney, and understood the nature of the proceeding. The court advised her of her Boykin rights, and the prosecutor gave a brief statement of facts, which Heins confirmed as true. The court accepted the guilty plea and ordered a presentence investigation report ("PSI").
At sentencing, in January 2017, the court acknowledged letters from the victim's family members asking that Heins receive the maximum sentence. Heins apologized to family members who were present in the courtroom. The court noted Heins's criminal history, disclosed in the PSI, with prior convictions for hit-and-run, drug offenses and DWI. The court recognized Heins's expression of remorse, but found that she acted under the influence of narcotics and the crime was serious. The court sentenced her to 25 years at hard labor, with three years without benefit of parole, probation or suspension of sentence, and concurrent with any other sentence she may be serving.
Heins filed a motion to reconsider sentence, urging the court to consider her history of addiction, which is recognized as an illness by DSM-5, and the fact that she was seeking help, actually driving to rehab at the time of the accident. She asked the court to impose a lesser sentence, and one that included drug rehab. The court denied the motion; this appeal followed.
By one assignment of error, Heins urges her 25-year sentence is excessive in that the district court failed to consider her addiction to prescription drugs as a mitigating factor to sentencing. She shows that she had prescriptions for most of the drugs in her system (Klonopin, Xanax, Tramadol ), and there was no indication that she obtained any of these illegally. She reiterates that substance abuse disorder is recognized as an illness by DSM-5, she was on her way to treatment at the time of the offense, and she should not be doubly punished for her effort to drive herself to treatment. She submits that she is not a "worst offender." Finally, she urges that the entire nation is swept up in a search for noncriminal solutions to the opioid and prescription drug epidemic, and in this environment it makes no sense to disregard her addiction as a mitigating factor.
As it applies to this case, vehicular homicide is the killing of a human being caused directly by an offender engaged in the operation of a motor vehicle when the operator was under the influence of any CDS listed as a schedule drug in R.S. 40:964. La. R.S. 14:32.1A(3). The penalty for conviction of vehicular homicide is a fine of $2,000 to $15,000, and imprisonment, with or without hard labor, for 5 to 30 years, with at least three years of the imprisonment to be served without benefit of probation, parole or suspension of sentence. La. R.S. 14:32.1B. For an offender with a prior DWI conviction, at least five years of the imprisonment must be without benefits; also, the court must order any offender to participate in a court-approved substance abuse program. Id.
Appellate review of sentences for excessiveness is a two-pronged inquiry. First, the record must show that the court complied with La. C. Cr. P. art. 894.1. The court need not list every aggravating or mitigating factor so long as the record reflects that it adequately considered the guidelines. State v. Marshall , 94-0461 (La. 9/5/95), 660 So.2d 819. When the record *1168 shows an adequate factual basis for the sentence imposed, remand is unnecessary even in the absence of full compliance with the article. State v. Lobato , 603 So.2d 739 (La. 1992). No sentencing factor is accorded greater weight by statute than any other factor. State v. Taves , 2003-0518 (La. 12/3/03), 861 So.2d 144.
The second prong is constitutional excessiveness. A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless imposition of pain and suffering. State v. Dorthey , 623 So.2d 1276 (La. 1993). A sentence is deemed grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice or makes no reasonable contribution to acceptable penal goals. State v. Guzman , 99-1753 (La. 5/16/00), 769 So.2d 1158. The sentencing court has wide discretion in imposing a sentence within statutory limits, and such a sentence will not be set aside as excessive in the absence of manifest abuse of that discretion. State v. Williams , 2003-3514 (La. 12/13/04), 893 So.2d 7. The issue is not whether some other sentence might have been more appropriate, but whether the district court abused its discretion. Id. ; State v. Presentine , 51,241 (La. App. 2 Cir. 4/5/17), 217 So.3d 590.
Heins's sentence of imprisonment falls within the statutory limits of La. R.S. 14:32.1B and is thus not statutorily excessive. We agree that the district court's recitation of Art. 894.1 factors was not extensive, but find that the overall record exposes no abuse of sentencing discretion. The court stated that it had considered the PSI, which includes the offender's statement, "I'm a drug addict and I need help." The PSI also reports that for an August 2012 guilty plea to DWI, she received a three-month suspended sentence, six months' supervised probation, and an order to attend substance abuse classes; however, she "failed to attend substance abuse class as ordered," and her probation was revoked. In short, the district court was implicitly aware of Heins's addiction.
The PSI also shows a February 2013 guilty plea to attempted distribution of Schedule IV CDS, pled down from two counts of distribution, and a host of arrests involving drug use and impaired driving (October 1997, simple possession of marijuana; March 2007, possession of Schedule II CDS; April 2011, misdemeanor operating a vehicle while intoxicated) and offenses against the person (November 1996, March 1997, March 2006 and August 2010, simple battery; September 2006, second degree battery; March and September 2015, domestic abuse battery) which were either nol prossed or their dispositions could not be found. Again, the district court was surely aware of Heins's ongoing issues with CDS and with harming people.
We agree that Heins's effort to get herself to rehab shows a certain awareness of her problem and could count in mitigation. However, getting behind the wheel after taking four Klonopin with Flexeril, weaving around an 18-wheeler on the Inner Loop, scraping her own car on a guardrail, driving on the wrong side of Linwood, and failing to see an oncoming motorcycle all diminish her commendable pursuit of treatment. Given the gravity of the offense and Heins's frequent brushes with the law for similar offenses, we do not find that the district court abused its discretion. For the same reasons, even in the current climate of seeking noncriminal avenues for treating opioid addiction, we do not find that the sentence shocks the sense of justice or serves merely to inflict pain and suffering.
By reply brief, the state correctly shows that the sentence is illegally lenient as it makes only three years of imprisonment without benefits, instead of "at least five"
*1169 for an offender with a prior DWI conviction, and it omits the court-approved substance abuse program, both required under La. R.S. 14:32.1B. The state submits that this court should correct the sentence or remand for the district court to do so.
Certain prior opinions of this court have treated the failure to deny benefits for "at least five" years under La. R.S. 14:32.1B as "automatically corrected" by operation of La. R.S. 15:301.1A and not subject to remand. State v. Shaw , 41,233 (La. App. 2 Cir. 8/23/06), 939 So.2d 519, aff'd , 2006-2467 (La. 11/27/07), 969 So.2d 1233, and citations therein. We have also, in certain opinions, declined to amend or remand for failure to order a court-approved substance abuse program where, as here, the state neither appealed nor formally answered the defendant's appeal. State v. Presentine, supra, and citations therein.
However, both the amount of time to be served without benefits and the selection of the substance abuse program involve the exercise of the district court's discretion. The current consensus of the court, therefore, is that the illegally lenient sentence under La. R.S. 14:32.1B must be vacated and the case remanded for compliance with the statute. State v. Patrick , 51,579 (La. App. 2 Cir. 10/18/17), 244 So.3d 778, 2017 WL 4654907 ; State v. Boehm , 51,229 (La. App. 2 Cir. 4/5/17), 217 So.3d 596, and citations therein . On remand, the district court may state for the record its reasons for selecting a certain number of years to be served without benefits and for the particular substance abuse program. The defendant retains her right to challenge these portions of the sentence for excessiveness under State v. Dorthey and State v. Guzman , supra.
We have reviewed the entire record and find nothing else we consider to be error patent. La. C. Cr. P. art. 922(2). For the reasons expressed, Ashley Nicole Heins's conviction is affirmed. The sentence is vacated and remanded for resentencing that complies with R.S. 14:32.1B.
CONVICTION AFFIRMED. SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.