GARRETT, J.'
hThe defendant, Ernest Allen Boehm, Jr., pled guilty to 50 counts of molestation of a juvenile involving his two daughters. He was ordered to serve 30 years at hard labor on each count, with all of the sentences to be served concurrently. He now appeals his sentences as excessive. For the following reasons, we affirm the convictions, vacate the illegally lenient sentences, and remand for resentencing.
FACTS
Following a report of alleged sexual abuse made to law enforcement officers by a youth minister in June 2015, Boehm was arrested and confessed to the sexual activity discussed below. In July 2015, he was originally indicted by a Lincoln Parish grand jury for 25 counts of molestation of a juvenile and 25 counts of aggravated incest. He was represented by retained counsel and discovery was undertaken. Pursuant to plea negotiations, on October 20, 2015, Boehm was charged by bill of information with 50 counts of molestation of a juvenile, violations of La. R.S. 14:81.2. The offenses occurred from 2010 through June 24, 2015. Boehm was arraigned, fully advised of his rights under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and waived those rights. He was fully informed of the possible sentences for the offenses, and entered a plea of guilty as charged. No promises were made as to any sentences that might be imposed.
The factual basis for the pleas was given by the state. Boehm and his wife adopted two children when they were five and eight years old. When the children were 12 or 13 years old, Boehm began molesting them, and 1 .¿continued until they were 16 years old.[1] Boehm admitted molesting each child at least 25 times. The state detailed the behavior admitted by Boehm that met the statutory definition of the offenses. The incidents included digital penetration, oral sexual intercourse, and vaginal sexual intercourse. Discovery conducted in the case was filed into the record. The trial court accepted the guilty pleas. The pending grand jury indictments were dismissed and *598 a presentence investigation report (“PSI”) was ordered.
Boehm appeared before the court for sentencing on December 15, 2015. He confirmed receipt of his sex offender notification, as required by La. R.S. 15:542-543.1. The state recommended that Boehm receive a minimum of 20 years at hard labor on each count. Boehm’s attorney noted that there was no agreement as to the sentences to be imposed in this case. The trial court again informed Boehm of the applicable penalty for the offenses under La. R.S. 14:81.2(0(1), which provides in part:
Whoever commits the crime of molestation of a juvenile by violating the provisions of Paragraph (A)(1) of this Section, when the incidents of molestation recur during a period of more than one year, shall, on first conviction, be fined not more than ten thousand dollars or imprisoned, with or without hard labor, for not less than five nor more than forty years, or both. At least five years of the sentence imposed shall be without benefit of parole, probation, or suspension of sentence.[2]
The trial court stated that it carefully reviewed the PSI, as well as letters submitted concerning Boehm. According to the PSI, Boehm admitted that the molestation of the children began when they were under the age of R13, while the family lived in another state. The court considered the sentencing factors set forth in La. C. Cr. P. art. 894.1. It determined that Boehm was in need of correctional treatment best provided by commitment to an institution and that lesser sentences than those imposed would deprecate the heinous nature of the offenses. The trial court stated:
The offenses that you committed over a protracted period of time were a reprehensible violation of the most sacred responsibility a man can have to his family. You have robbed your victims of the trust and protection you owed to them. There can be no doubt that they will suffer grave psychological scars for many years to come, if not for their entire lifetimes.
The court noted that Boehm did not have a prior criminal record, confessed early in the case, and admitted his guilt without any guarantee of limitation of sentence. The court considered these factors as evidence of Boehm’s remorse. The trial court allowed Boehm to make a statement, in which he admitted the harm and grief he caused his family.
The trial court sentenced Boehm to serve 30 years at hard labor on each of the 50 counts of molestation of a juvenile, to be served concurrently. Boehm was properly informed of the delays for applying for post-conviction relief.
Boehm’s attorney objected to the sentences and gave notice of the intention to file a motion to reconsider the sentences. The motion was filed on December 17, 2015. It claimed that the sentences were not imposed in compliance with La. C. Cr. P. art. 894.1, and the 30-year sentences were excessive. A hearing on the motion was held on May 17, 2016. Boehm’s attorney pointed out that his client accepted responsibility for the crimes and argued that this fact should have been considered by the court in imposing sentence. He also noted that the Boehms had divorced since the sentencing.
14The trial court stated that it had considered imposing the sentences for the 25 *599 counts dealing with the first victim consecutively with the 25 counts concerning the second victim. However, because Boehm pled guilty without an agreed-upon sentence, the court imposed the sentences concurrently, even though there were two different victims. The trial court denied the motion to reconsider the sentences. Boehm appealed.
EXCESSIVE SENTENCES
Boehm argues on appeal that the sentences imposed in this case are excessive and harsh, given the facts of this case, the defendant’s background, and a comparison with other cases. These arguments are without merit.
Legal Principles
A reviewing court imposes a two-prong test in determining whether a sentence is excessive. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects adequate consideration of the guidelines of the article. State v. Smith, 433 So.2d 688 (La. 1983); State v. Shipp, 46,715 (La.App. 2 Cir. 11/2/11), 78 So.3d 805. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal history, seriousness of the offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La. 1981); State v. Mandigo, 48,801 (La. App. 2 Cir. 2/26/14), 136 So.3d 292, writ denied, 2014-0630 (La. 10/24/14), 151 So.3d 600. There is no requirement that specific matters be given any particular weight at | ¿sentencing. State v. Jackson, 48,534 (La. App. 2 Cir. 1/15/14), 130 So.3d 993.
Second, a sentence violates La. Const, art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La. 1993); State v. Mandigo, supra. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La. 1/15/02), 805 So.2d 166; State v. Jackson, supra; State v. Hollins, 50,069 (La.App. 2 Cir. 8/12/15), 174 So.3d 710.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, a sentence will not be set aside as excessive. State v. Mandigo, supra. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Jackson, supra; State v. Hollins, supra.
The following factors are useful in determining whether a sentence, by its excessive length or severity, is grossly out of proportion to the underlying crime: the nature of the offense and the offender, a comparison of the punishment in this case with the sentences imposed for similar crimes, the legislative purpose behind the punishment, and a comparison of the punishment provided for this crime in other jurisdictions. State v. Fruge, 2014-1172 (La. 10/14/15), 179 So.3d 579.
While a comparison of sentences imposed for similar crimes may provide some insight, sentences must be individualized to the particular offender and to the particular offense committed. It is within the purview of |Rthe district court to particularize the sentence because the district court remains in the best position to assess the aggravating and mitigating circumstances presented by each case. State v. Fruge, supra. Therefore, the only relevant *600 question on review is whether the court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. State v. Fruge, supra.
Discussion
In arguing that the sentences imposed were excessive, Boehm points out that he had no prior criminal record and expressed remorse for his actions. Boehm claims that the trial court failed to sufficiently consider his admission of guilt and expression of remorse. He also cites several other cases involving similar offenses in which a defendant was given a less severe sentence.
While the sentences imposed in the cases cited by Boehm’s attorney were less than those imposed in this matter, those cases are factually distinguishable. In State v. Ellis, 38,740 (La.App. 2 Cir. 8/18/04), 880 So.2d 214, the defendant was sentenced under a different portion of La. R.S. 14:81.2. In State v. Linder, 49,652 (La.App. 2 Cir. 4/8/15), 162 So.3d 1278, the defendant committed a single offense and also was sentenced under a different portion of the statute. In State v. Murray, 46,895 (La.App. 2 Cir. 1/25/12), 86 So.3d 35, the defendant was sentenced for cruelty to a juvenile, not molestation of a juvenile.
Our review of the record discloses no abuse of discretion regarding the length of the sentences imposed. The sentences were within statutory limits. The trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1, and considered the aggravating and mitigating circumstances in |7this case. The court noted that Boehm was a first felony offender. It considered the gravity of Boehm’s offenses and the impact his crimes had upon the victims and his family. The court reviewed letters submitted regarding Boehm, some urging leniency and some urging severe sentences. The trial court noted that Boehm pled guilty early in the process and expressed remorse for his offenses. Based upon that consideration, the trial court ordered that the sentences be served concurrently and not consecutively.
The sentences imposed here are not out of proportion to the seriousness of the offenses. Boehm repeatedly molested his children over a period of more than five years. Given the sheer number of offenses, the length of time over which the offenses occurred, and the impact on the victims, it is clear that the sentences imposed were tailored to the offender and the offenses. The sentences do not shock the sense of justice.
ERROR PATENT
We note as error patent that the trial court imposed illegally lenient sentences in this matter by failing to specify what portion of the sentences are to be served without benefit of parole, probation, or suspension of sentence, as required by La. R.S. 14:81.2. That statute provides that at least five years of the sentence imposed shall be without benefit of parole, probation, or suspension of sentence. This error is not automatically corrected under La. R.S. 15:301.1, because the penalty language of the statute gives the trial court discretion in determining the exact length of time that benefits are to be withheld. According to the jurisprudence, the sentences must be vacated and the case remanded to the trial court for resentencing in compliance with La. R.S. 14:81.2. See State v. Rose, 50,861 (La.App. 2 Cir. 9/28/16), 206 So.3d 1102; State v. Johnson, 50,248 (La.App. 2 Cir. 2/24/16), 188 So.3d 291; State v. Downs, 50,345 (La.App. 2 Cir. 1/13/16), 186 So.3d 207.
CONCLUSION
For the reasons stated above, we affirm the convictions of the defendant, Ernest *601 Allen Boehm, Jr. His illegally lenient sentences are vacated and the case is remanded to the trial court for resentencing.
CONVICTIONS AFFIRMED. SENTENCES VACATED; REMANDED FOR RESENTENCING.

. Boehm and his family moved to Lincoln Parish in 2010. Therefore, the bill of information charged only those offenses that occurred in Lincoln Parish. The record indicates that the conduct began while the parties were residing elsewhere.

. This provision was previously contained in La. R.S. 14:81.2(D)(1). The statute was amended by La. Acts 2011, No. 67, to redes-ignate this section as La. R.S. 14:81.2(C)(1). The penalty was not changed.