Judgment rendered August 14, 2019.
Application for rehearing may be filed
within the delay allowed by Art. 992,
La. C. Cr. P.

No. 52,882-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

JESUS MARTINEZ                              Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 326,054

Honorable Brady D. O'Callaghan, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By:  Peggy J. Sullivan

JAMES E. STEWART, SR.                Counsel for Appellee
District Attorney

KODIE K. SMITH
RICHARD S. FEINBERG
Assistant District Attorneys

* * * * *

Before WILLIAMS, STEPHENS, and THOMPSON, JJ.

**THOMPSON, J.**

This criminal appeal arises from the First Judicial District Court, Parish of Caddo, the Honorable Brady O'Callaghan, presiding. Defendant Jesus Martinez (hereinafter "Defendant") pled guilty to attempted aggravated rape, second degree kidnapping, and home invasion. The trial court sentenced Defendant to 37 years at hard labor without the benefit of probation, parole, or suspension of sentence for the charge of attempted aggravated rape; 37 years at hard labor without the benefit of probation, parole, or suspension of sentence for the charge of second degree kidnapping; and 20 years for the charge of home invasion. The sentences were ordered to be served concurrently. Defendant now appeals. For the following reasons, Defendant's sentences are affirmed.

## FACTS AND PROCEDURAL HISTORY

On October 30, 2014, Defendant was charged by bill of information with attempted aggravated rape (violations of La. R.S. 14:27 and 14:42), second degree kidnapping (a violation of La. R.S. 14:44.1), and home invasion (a violation of La. R.S. 14:62.8). That same day, during the preliminary examination, Detective Michael Jones of the Shreveport Police Department testified, and the following evidence was adduced.

In the early morning hours of July 5, 2014, the victim, K.C., and her roommate returned home from a nightclub. Defendant was also present at the nightclub and had tried to converse with K.C.'s roommate. As K.C. traveled home, she thought that she was being followed. Both women had been drinking while at the club, and the roommate was heavily intoxicated.

When they got home, K.C. carried her roommate from the car into the apartment they shared. She left the door open behind her. After K.C. got

her roommate into her room, K.C. walked back into the living room on her way to let her dogs outside. Much to her surprise, Defendant had followed her into the apartment. When K.C. saw Defendant, presuming she was being robbed, K.C. immediately dropped to her knees and told Defendant to take whatever he wanted. Defendant blindfolded K.C., tied her up, and took her to a bedroom in the apartment. In the bedroom, Defendant pushed K.C. onto her back on the bed, lifted up her shirt, and unhooked her bra. Defendant then pulled K.C.'s shorts and underwear down to her knees. Defendant touched K.C.'s breast, stomach, and face.

Throughout this encounter, K.C. screamed, fought, and tried to get away from Defendant. During the struggle, Defendant led K.C. to believe that he had a gun and would use it. At some point, K.C. got her hands free and took off the blindfold. She continued to fight. Eventually, Defendant told K.C. that if she remained where she was, he would leave. Defendant then fled in a maroon Chevy Caprice. K.C. immediately armed herself with her gun. Meanwhile, K.C.'s neighbors heard her screams and called the police.

Once the police made contact with K.C., they took a written statement from her, investigated the house, and photographed the scene. The police also contacted other witnesses. Thereafter, K.C. was taken to Willis-Knighton where she was examined. DNA was collected from the surface of K.C.'s body. From that DNA, detectives developed Defendant as a suspect. Although Defendant was never identified from the prepared photographic lineup, Defendant was subsequently questioned, arrested, and charged with attempted aggravated rape, second degree kidnapping, and home invasion.

On March 20, 2018, the second day of jury selection in Defendant's trial, Defendant pled guilty as charged. Prior to accepting the plea, the trial court informed Defendant of his *Boykin*[1] rights. Defendant stated that he understood and was waiving the rights by entering a guilty plea on each of the three charges. The pleas were accepted, and the trial court subsequently ordered a pre-sentence investigation report.

On June 28, 2018, Defendant was sentenced. Prior to the trial court's colloquy regarding La. C. Cr. P. art. 894.1, the court allowed Defendant to address the court, and Defendant apologized for the crimes.

Thereafter, Defendant was sentenced to concurrent sentences of 37 years at hard labor without the benefit of probation, parole, or suspension of sentence for the conviction of attempted aggravated rape; 37 years at hard labor without the benefit of probation, parole, or suspension of sentence for the conviction of second degree kidnapping; and 20 years for the conviction of home invasion. On July 11, 2018, Defendant filed a motion to reconsider sentence. On July 12, 2018, the motion was denied. Defendant filed the instant appeal.

## DISCUSSION

Defendant has assigned the following errors:

(1) The sentences imposed were unconstitutionally harsh and excessive given the facts and circumstances of the case.

(2) The trial court erred in denying the motion to reconsider sentence filed in this matter.

---

[1] *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969).

3

**Excessive Sentences and Motion to Reconsider**

Defendant argues that his sentences are unconstitutionally excessive. He asserts that his relative youth and genuine remorse make him eligible for a lesser sentence. Additionally, Defendant argues that the trial court did not consider his in-court apology as genuine remorse and thus as a mitigating factor. He also claims that the trial court did not give great weight to his mother's health care needs as a mitigating factor. In sum, Defendant argues that the sentences imposed are disproportionate to the facts and circumstances of the case.

To the contrary, the State submits that the equivocation of Defendant's apology made the trial court doubt its sincerity. However, the trial court considered the factors outlined in La. C. Cr. P. art. 894.1, and sentenced Defendant within the appropriate sentencing range allowed for the crimes committed. The trial court further found that a lesser sentence would deprecate the seriousness of the crime. The State notes that Defendant had committed an identical sex crime in the past. Additionally, the State points out that Defendant's actions were deliberately cruel and vicious. In sum, the State contends that the sentences imposed are not the maximum sentences under the law; the sentences were ordered to run concurrently not consecutively; and Defendant was able to avoid being prosecuted as a habitual offender.

*Applicable Law*

Appellate review of sentences for excessiveness is a two-pronged inquiry. First, the record is examined to determine if the trial court used the criteria set forth in La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record

4

reflects adequate consideration of the guidelines of the article. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. Davis*, 52,453 (La. App. 2 Cir. 02/27/19), 265 So. 3d 1194; *State v. Boehm*, 51,229 (La. App. 2 Cir. 04/5/17), 217 So. 3d 596. The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence. La. C. Cr. P. art. 894.1(C). The goal of La. C. Cr. P. art. 894.1 is an articulation of the factual basis for the sentence, not simply a mechanical compliance with its provisions. *State v. Davis*, *supra*. Where the record clearly shows an adequate factual basis for the sentence, resentencing is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. *State v. Davis*, *supra*; *State v. Fontenot*, 49,835 (La. App. 2 Cir. 05/27/15), 166 So. 3d 1215.

The defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation are important elements to consider. *State v. Jones*, 398 So. 2d 1049 (La. 1981); *State v. Davis*, *supra*; *State v. Boehm*, *supra*. There is no requirement that specific matters be given any particular weight at sentencing. *State v. Davis*, *supra*; *State v. Boehm*, *supra*.

Second, a sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Davis*, *supra*. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 01/15/02), 805 So. 2d 166; *State v. Boehm*, *supra*.

5

A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, a sentence will not be set aside as excessive. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *State v. Davis, supra*; *State v. Boehm, supra*.

### *Application of Law to Facts*

The trial court completed a thorough review of the aggravating and mitigating factors from La. C. Cr. P. art. 894.1. In accordance with La. C. Cr. P. art. 894.1, as aggravating factors, the trial court first found that an undue risk existed in that if Defendant were placed on probation, he would likely commit another crime. Second, the court found that Defendant was in need of correctional treatment in a custodial environment that can be provided most effectively by his commitment to an institution. Third, the court found that a lesser sentence would deprecate the seriousness of Defendant's crime. Fourth, the trial court found that the commission of the instant offenses manifested deliberate cruelty to the victim. Specifically, the court found that Defendant committed a "brazen invasion of [the victim's] home, her privacy, and her person." Fifth, the trial court found that K.C.'s intoxication made her particularly vulnerable.

The trial court further noted in aggravation that K.C. felt compelled to arm herself upon the completion of the attack, and because she had to do so, she placed her neighbors and other third parties at risk. The court further opined that Defendant committed aggressive violent acts against K.C. As a result, K.C. suffered post-traumatic stress and trauma, thereby causing permanent injury to the victim. The court noted that while the record does

not show that a weapon was used in this case, the threat of a dangerous weapon, coupled with force, was present. The court did not particularly consider this as an aggravating factor outright.

As an additional aggravating factor the trial court stated that Defendant has multiple prior arrests for sex offenses and was convicted of oral sexual battery in 2004, requiring Defendant to register as a sex offender. Pursuant to the pre-sentence investigation report, the trial court noted that, in the previous case, Defendant stalked the victim from a nightclub to her house, where he attacked her and attempted to rape her. In sum, the court deemed the most serious aggravating circumstances to be Defendant's prior conviction for oral sexual battery, the amount of violence and force used in the instant offense, and the vulnerable nature of the victim.

The trial court addressed Defendant's attempt at expressing remorse in his in-court apology, but the court doubted the sincerity of the apology because Defendant referred to it as an "incident." The court said, "Chasing someone into their house and trying to rape them is not a situation. It's a crime. It's an attack. It's a violation." Thus, the court called into question Defendant's remorse during his in-court apology.

As mitigating factors, the trial court considered the lack of profound physical injuries to the victim. The court also considered a letter from Defendant's mother detailing how incarceration would be a significant hardship to her as she suffered with health issues. The court also received a letter from a chaplain but did not consider it very helpful.

Given all the factors present before the court, as outlined in La. C. Cr. P. art. 894.1, the trial court sentenced Defendant to 37 years at hard labor without the benefit of probation, parole, or suspension of sentence for the

7

charge of attempted aggravated rape; 37 years at hard labor without the benefit of probation, parole, or suspension of sentence for the charge of second degree kidnapping; and 20 years for the charge of home invasion. The court ordered that the sentences are to run concurrently. Defendant was advised of his appeal and post-conviction relief timelines.

The record shows the trial court's compliance with the requirements of La. C. Cr. P. art. 894.1. *State v. McGill*, 52,600 (La. App. 2 Cir. 04/10/19), 268 So. 3d 346; *State v. Thomas*, 50,898 (La. App. 2 Cir. 11/16/16), 209 So. 3d 234. Defendant's sentences are neither an abuse of discretion nor constitutionally excessive. Therefore, the trial court did not abuse its discretion in imposing 37, 37, and 20-year sentences (for a total sentence of 37 years) on Defendant and denying the motion to reconsider sentence. Accordingly, the assignments of error are without merit.

**Error Patent**

La. R.S. 14:62.8(B)(1), as it read at the time of the offense,[2] provides that whoever commits the crime of home invasion shall be fined not more than $5,000 and shall be imprisoned at hard labor for not more than 25 years. Defendant was sentenced to a 20-year sentence without imposition of a fine. Since he was sentenced without a fine, it could be asserted that the sentence was illegally lenient. *State v. Williams*, 49,249 (La. App. 2 Cir. 10/01/14), 149 So. 3d 462, *writ denied*, 14-2130 (La. 05/22/15), 173 So. 3d 1167. Pursuant to La. C. Cr. P. art. 882(A), an illegal sentence may be

---

[2] The current version of La. R.S. 14:62.8(B) provides that "[w]hoever commits the crime of home invasion shall be fined not more than five thousand dollars and shall be prisoned at hard labor for not less than one year nor more than thirty years."

8

corrected at any time by the court that imposed the sentence or by an appellate court on review. However, as this Court has recognized, this Court is not required to take such action. *See State v. Williams*, *supra*; *State v. Jones*, 42,531 (La. App. 2 Cir. 11/07/07), 968 So. 2d 1247; *State v. Griffin*, 41,946 (La. App. 2 Cir. 05/02/07), 956 So. 2d 199. The State did not object to the error, and Defendant was not prejudiced because of the omission. Further, as provided in *State v. Turner*, 46,683 (La. App. 2 Cir. 12/14/11), 82 So. 3d 449, *writ denied*, 12-0165 (La. 06/22/12), 91 So. 3d 965, when a trial judge fails to impose certain mandatory fines where the statute authorizes a fine of "not more than" an amount, it impliedly imposes a fine of $0 and is not error patent. We decline to remand on this issue.

Second, the trial court did not order that the sentence for home invasion be at hard labor. While the minutes reflect that the sentence imposed on the home invasion conviction is to be served at hard labor, the transcript of the sentencing hearing indicates that the trial court did not specify that the sentence imposed for home invasion was to be served at hard labor. The sentence for home invasion is necessarily punishable at hard labor. *See* La. R.S. 14:62.8. The trial court's oversight to state on the record that Defendant's sentence for home invasion is to be served at hard labor renders the sentence illegally lenient. However, because home invasion requires any sentence to be served at hard labor, the error is self-correcting. *State v. Thomas*, 52,617 (La. App. 2 Cir. 05/22/19), __ So. 3d __, 2019 WL 2202683; *State v. Foster*, 50,535 (La. App. 2 Cir. 04/13/16), 194 So. 3d 674.

## CONCLUSION

For the foregoing reasons, Defendant's sentences are affirmed.

9