Judgment rendered September 25, 2019.
Application for rehearing may be filed
within the delay allowed by Art. 992,
La. C. Cr. P.

No. 52,885-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

RICHARD F. COLLINS, JR.                     Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 352568

Honorable Ramona L. Emanuel, Judge

* * * * *

LOUISIANA APPELLATE PROJECT            Counsel for Appellant
By: Carey J. Ellis, III


RICHARD F. COLLINS, JR.                Pro Se


JAMES E. STEWART, SR.                  Counsel for Appellee
District Attorney


REBECCA ARMAND EDWARDS
JOSHUA K. WILLIAMS
WILLIAM C. GASKINS
Assistant District Attorneys

* * * * *

Before WILLIAMS, PITMAN, and McCALLUM, JJ.

**McCALLUM, J.**

Before us is an appeal by Richard F. Collins, who challenges his sentences for two felony convictions. He was convicted of indecent behavior with juveniles as a lesser responsive verdict to a charge of sexual battery, and was convicted of one count, as charged, of indecent behavior with juveniles. The trial court sentenced him to twenty-five years without benefit of parole, probation, or suspension of sentence as to each conviction, to run concurrently. He contends the sentences are excessive in total and asks this Court to remand to the trial court for lesser sentences.

For the following reasons, we affirm the conviction and sentence for the charged count of indecent behavior with juveniles. The Louisiana Supreme Court has determined that indecent behavior with juveniles is not a lesser included offense of sexual battery. Therefore, as further delineated, the conviction for indecent behavior with juveniles as a responsive verdict to the charged count of sexual battery, must be vacated.

## FACTUAL AND PROCEDURAL HISTORY

On October 24, 2017, Richard F. Collins ("Collins") was charged with two counts of sexual battery and one count of indecent behavior with juveniles. Count One was a charge of sexual battery of a victim under the age of thirteen. Count Two was a charge of sexual battery of a different victim under the age of thirteen. Count Three was a charge of indecent behavior with juveniles pertaining to the same victim as in Count One.

Collins merely challenges the sentencing and does not challenge the factual findings or evidence at trial. Since he does not challenge the convictions, we will dispense with a protracted review of the facts. On October 8 through October 10, 2018, the trial court held a jury trial on the

charges against Collins. At trial, the victims and their parents gave candid and credible testimony of the actions by Collins against the minor victims. The prosecutor also introduced the recorded interview by investigators of Collins which was essentially a confession to the allegations against him. The jury found Collins guilty on a lesser responsive verdict of indecent behavior with juveniles as to Count One of sexual battery. The jury found Collins not guilty as to Count Two of sexual battery. The jury found Collins guilty as charged as to Count Three of indecent behavior with juveniles. Subsequently, Collins filed for a post-verdict judgment of acquittal. The trial court denied that motion.

Prior to a sentencing hearing, Collins filed a presentencing mitigation statement in which he stated the following:

(1) He was 54 years old.

(2) He had no prior convictions.

(3) He has lived a substantial portion of his life without being convicted of a crime.

(4) He neither threatened harm to the victim nor the victim's family.

(5) He did not attack the character or the veracity of the victim.

(6) His crimes were not the most severe of sexual offenses.

(7) His actions during his commission of the crimes, after the charges for the crimes, and during the trial show that he did not have a full understanding that his actions with the victim were wrong.

On November 28, 2018, the trial court held a sentencing hearing. The mother of the victim gave a thoughtful, powerful statement to the court in which she stated the following:

[D]evastating heartache does not even begin to describe the pain and suffering this heartless man has brought upon my

2

daughter and family. When he violated my daughter, he took her innocence, robbed my family of feeling trust and safety in our own neighborhood. The endless tears that I have cried with my daughter over this horrific experience will leave scars for a lifetime. This all results to his evil actions. Judge Emanuel, I pray that you sentence him to the maximum sentence so that he cannot hurt any more children like he has done to my daughter. He does not deserve any mercy at all.

The two victims also provided statements to the court through written letters.

During the sentencing, the trial court considered and weighed many factors. The court read the sentencing guidelines as given within Louisiana Code of Criminal Procedure article 894.1. The court took note of the statements by the victims and the mother as well as the statement to the court by Collins. The court considered the young age of the victims at the time of the offenses. The court considered the particular vulnerability of the victims, being that Collins was a trusted neighbor. The court further found that Collins was in need of correctional treatment and custody.

With all factors considered, the trial court sentenced Collins to twenty-five years at hard labor without benefits on each count, to run concurrently. Collins was given credit for time served. Collins was further ordered to register as a sex offender for fifteen years on both counts. Collins was ordered to enroll in and complete a sex offender treatment program. Thereafter, Collins filed a motion to reconsider sentence that the trial court denied.

Collins appeals the sentences by the trial court, placing the matter before us.

DISCUSSION

ERROR PATENT

Although Collins did not appeal his convictions, we are required to address errors patent when we notice such. As mentioned, the Louisiana Supreme Court has determined that Louisiana Revised Statute 14:81 is not a lesser included offense of sexual battery. *State v. Schenck*, 513 So. 2d 1159 (1987). Therefore, Collins' conviction on Count One for the lesser included responsive verdict of indecent behavior with juveniles constitutes an error patent that requires a response.

Louisiana Code of Criminal Procedure Article 814 provides legislative sanctioned responsive verdicts for certain, listed offenses. However, the legislature of this state has chosen not to include sexual battery as one of the listed offenses. Therefore, sexual battery falls under Article 815, the catchall for all other offenses. Article 815 states the following:

> In all cases not provided for in Article 814, the following verdicts are responsive:
>
> (1) Guilty;
>
> (2) Guilty of a lesser and included grade of the offense even though the offense charged is a felony, and the lesser offense a misdemeanor; or
>
> (3) Not Guilty.

In 2014, Louisiana Revised Statute 14:43.1 defined sexual battery as follows:[1]

> Sexual battery is the intentional touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender, directly or through clothing, or the touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the

---

[1] Collins committed the offenses in 2014. Therefore, we must consider the laws as written in 2014.

victim, directly or through clothing, when any of the following occur:

> (1) The offender acts without the consent of the victim.
>
> (2) The act is consensual but the other person, who is not the spouse of the offender, has not yet attained fifteen years of age and is at least three years younger than the offender.

In 2014, Louisiana Revised Statute 14:81 defined indecent behavior with juveniles as follows:

> Indecent behavior with juveniles is the commission of any of the following acts with the intention of arousing or gratifying the sexual desires of either person:
>
>> (1) Any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons. Lack of knowledge of the child's age shall not be a defense[.]

In order to convict one of indecent behavior with juveniles, the state must prove elements not required to be proved for sexual battery. A conviction of sexual battery requires that the state prove and the jury find that (1) the offender intentionally touched the anus or genitals of the victim, using any instrumentality or any part of his body, directly or through clothing, or that he caused touching of his anus or genital by the victim, using any instrumentality or any part of the body of the victim, directly or through clothing and (2) either that he acted without the consent of the victim or that the victim, even with consent, not being his spouse, had yet to attain fifteen years of age and was at least three years younger than him. A conviction of indecent behavior with juveniles requires that the state prove and the jury find that (1) the offender committed a lewd or lascivious act upon the person of or in the presence of the victim, (2) that the act described was in fact a lewd or lascivious act, (3) that the victim was under the age of

5

seventeen and more than two years younger than the defendant at the time of the alleged offense, (4) that the defendant was at least seventeen years of age at the time of the alleged offense and (5) that the defendant acted with a specific intent to arouse or gratify the defendant's own sexual desires or the sexual desires of the victim. Thus, in order to convict one of indecent behavior with juveniles, as opposed to sexual battery, the state must prove and the jury must find at least two additional elements, in particular, that (1) the offender had the intent to arouse or gratify the sexual desires of either himself or the victim and (2) the offender be at least two years older than a victim under seventeen. Therefore, indecent behavior with juveniles is not a lesser included offense to sexual battery.

In *State v. Schenck*, 513 So. 2d at 1164, the Louisiana Supreme Court stated the following:

> With regard to the state's contention, indecent behavior with a juvenile, La. R.S. § 14:81, requires proof of two essential elements that sexual battery does not. … Indecent behavior is thus not a lesser included offense of sexual battery.

When a person is found guilty of a lesser degree of the offense charged, the verdict or judgment of the court is an acquittal of all greater offenses charged in the indictment and the defendant cannot thereafter be tried for those offenses on a new trial. La. C. Cr. P. art 598(A); *see also Price v. Georgia*, 398 U.S. 323, 90 S. Ct. 1757 (1970); *State v. Graham*, 14-1801 (La. 10/14/15), 180 So. 3d 271. The jury considered the charge of sexual battery for Count One but instead found Collins guilty of indecent behavior with juveniles as a responsive verdict. Effectively then, the jury acquitted Collins as to sexual battery for Count One as well.

6

Therefore, Collins' conviction of indecent behavior with juveniles as to Count One must be vacated and we remand to the trial court for disposition in accordance with La. C. Cr. P. art. 598(A), *Price v. Georgia*, *supra*, and *State v. Graham*, *supra*.

COUNT 3 AND SENTENCING

We have provided, *supra*, the statute for indecent behavior with juveniles as well as the elements required for a conviction of the crime. Collins does not appeal the conviction itself, but merely appeals the sentencing of twenty-five years, without benefits. We find no errors patent with the jury's finding of guilty as to Count Three, as charged, of indecent behavior with juveniles.

Louisiana Revises Statute 14:81(H)(2) provides the sentencing range for a conviction of indecent behavior with juveniles. The statute states the following:

> Whoever commits the crime of indecent behavior with juveniles on a victim under the age of thirteen when the offender is seventeen years of age or older, shall be punished by imprisonment at hard labor for not less than two nor more than twenty-five years. At least two years of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence.

A reviewing court applies a two-prong test to determine whether a sentence is excessive. First, the court examines the record to determine if the trial court used the criteria set forth in La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects adequate consideration of the guidelines of the article. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. Davis*, 52,453 (La. App. 2 Cir. 2/27/19), 265 So. 3d 1194; *State v. Boehm*, 51,229 (La. App. 2 Cir. 4/5/17), 217 So. 3d 596. The court shall state for the record the

7

considerations taken into account and the factual basis therefor in imposing sentence. La. C. Cr. P. art. 894.1(C). The goal of La. C. Cr. P. art. 894.1 is an articulation of the factual basis for the sentence, not simply a mechanical compliance with its provisions. *Davis*, *supra*. Where the record clearly shows an adequate factual basis for the sentence, resentencing is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. *Davis*, *supra*; *State v. Fontenot*, 49,835 (La. App. 2 Cir. 5/27/15), 166 So. 3d 1215. Additionally, there is no requirement that specific matters be given any particular weight at sentencing. *Davis*, *supra*; *Boehm*, *supra*.

Second, a sentence violates La. Const. art. I § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey*, 623 So.2d 1276 (La. 1993); *Davis*, *supra*. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166; *Boehm*, *supra*.

A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, a sentence will not be set aside as excessive. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *Davis*, *supra*; *Boehm*, *supra*.

The trial court's sentence is clearly within the statutory guidelines for sentencing imposed after a conviction of indecent behavior with juveniles. Furthermore, the trial court considered the statutory scheme as provided within La. C. Cr. P. art. 894.1. The trial court allowed statements by both

the victim and the mother of the victim as well as the defendant himself. The judge considered the nature of the relationship between Collins and the family as a trusted neighbor that broke that trust and committed appalling crimes against their daughter. The trial court read the statutory guidelines into the record and considered them prior to imposing sentence. The trial judge then judiciously articulated her reasons for imposing the sentence.

Collins committed a crime that will forever affect and scar the minor victims. His actions were not a single instance but multiple violations of the reliance and trust afforded to a dependable neighbor. Collins' twenty-five year sentence will eventually end. His victims will carry their emotional scars for life. Considering the emotional and mental pain in addition to the extreme negative consequences that Collins' actions will have on both the victims and their families, his sentence is within the statutorily permitted allowance for his crime and does not shock the sense of justice. The sentence is not excessive and the trial court did not abuse its discretion when it imposed the sentence.

We therefore affirm the conviction and the trial court's sentencing of Collins with regard to Count Three.

### CONCLUSION

Collins' conviction and sentence for indecent behavior with juveniles on Count Three is **AFFIRMED**. His conviction and sentence for indecent behavior with juveniles on Count One is **VACATED**. This matter is **REMANDED** to the trial court for further proceedings in accordance herewith.