Judgment rendered November 18, 2020.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 53,571-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                           Appellee

versus

ANTONIO SEWELL                               Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 199992

Honorable Katherine Clark Dorroh, Judge

* * * * *

LOUISIANA APPELLATE PROJECT              Counsel for Appellant
By: Peggy J. Sullivan

JAMES E. STEWART, SR.                    Counsel for Appellee
District Attorney

RICHARD SOL FEINBERG
ALEX L. PORUBSKY
JASON WAYNE WALTMAN
Assistant District Attorneys

* * * * *

Before MOORE, STONE, and THOMPSON, JJ.

**STONE, J.**

On July 27, 2000, Antonio Sewell was convicted of armed robbery. Sewell was subsequently adjudicated a third-felony habitual offender and sentenced to life imprisonment without benefits. His conviction and sentence were affirmed on appeal. *State v. Sewell*, 35,549 (La. App. 2 Cir. 2/27/02), 811 So. 2d 140, *writ denied,* 02-1098 (La. 3/21/03), 840 So. 2d 535.

On May 23, 2019, the trial court granted Sewell's motion to correct an illegal sentence pursuant to the 2001 amendments to La. R.S. 15:529.1, La. R.S. 15:308, and *State ex rel. Esteen v. State*, 16-0949 (La. 1/30/18), 239 So. 3d 233. On November 13, 2019, Sewell was sentenced to 75 years at hard labor, without benefit of probation, parole, or suspension of sentence. Sewell now appeals his resentencing arguing that the sentence imposed was unconstitutionally harsh and excessive in this case. Sewell also argues that the split jury vote of 10 to 2 by which he was convicted, was in violation of his constitutional right to a unanimous jury; and that he is entitled to a new trial pursuant to *Ramos v. Louisiana*, --- U.S ---, 140 S. Ct. 1390, 206 L. Ed. 2d 583 (2020).

### FACTS AND PROCEDURAL HISTORY

On January 16, 1999, Willie Ashley exited a convenience store on Jewella Avenue in Shreveport, and was approached by Sewell, who demanded Ashley's car. When Ashley refused, Sewell shot Ashley twice in the leg. Sewell then pointed the gun at Ashley's chest and demanded "everything." Sewell took Ashley's driver's license, pager, money, and vehicle. As Sewell left the scene, his suspicious behavior alerted nearby law enforcement officers. As the officers attempted to stop Sewell, he fled on

foot and was eventually apprehended. Ashley identified Sewell as his attacker, and Sewell was subsequently charged with armed robbery, in violation of La. R.S. 14:64.

Sewell was convicted and adjudicated a third-felony habitual offender, pursuant to La. R.S. 15:529.1(A)(1)(b)(ii), and sentenced to life imprisonment, without benefit of probation, parole, or suspension of sentence.[1] *Id.* On appeal, this Court upheld Sewell's conviction and sentence. Sewell's conviction and sentence became final in 2003.

On March 4, 2019, Sewell filed a motion to correct illegal sentence and argued that his life sentence was illegal in light of the more lenient sentencing provisions in La. R.S. 15:529.1, as established by the legislature in Acts 2001, No. 403 (effective June 15, 2001),[2] and that they applied in his

_____

[1] Sewell was initially charged as a fourth-felony habitual offender, but a prior conviction for simple burglary was not considered. Sewell's adjudication was based upon his prior convictions for unauthorized use of a movable and attempted possession of a firearm by a convicted felon.

[2] The 2001 amendment to La. R.S. 15:529.1(A)(1)(b) provided as follows:

If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then:

(i) The person shall be sentenced to imprisonment for a determinate term not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction; or

(ii) If the third felony and the two prior felonies are felonies defined as a crime of violence under La. R.S. 14:2(13), a sex offense as defined in La. R.S. 15:540 et seq., when the victim is under the age of 18 at the time of commission of the offense, or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for 10 years or more, or any other crime punishable by imprisonment for 12 years or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.

2

case pursuant to La. R.S. 15:308 and *State ex rel. Esteen v. State*, *supra,* because his conviction and sentence occurred prior to June 15, 2001.[3]

Sewell argued that under the new provision, he was no longer eligible for a life sentence under La. R.S. 15:529.1(A)(1)(b)(ii), as his two prior convictions were not crimes of violence, sexual offenses, or violations of the controlled dangerous substances law.[4] Sewell argued that his sentencing range should be pursuant to La. R.S. 15:529.1(A)(1)(b)(i), which, based upon the underlying sentencing range for armed robbery, is 66 to 198 years, without benefits.[5]

On May 23, 2019, after consideration, the trial court determined that Sewell's sentence was illegal and placed Sewell's case on the docket for resentencing.

On November 13, 2019, Sewell appeared for resentencing. The trial court recited the procedural history of the case, the factual basis for the

---

[3] La. R.S. 15:308(A) provides, in pertinent part, that Act No. 403 of the 2001 Regular Session of the Legislature created more lenient penalty provisions for certain enumerated crimes and that these penalty provisions were to be applied prospectively and retroactively to June 15, 2001, and applied to any crime committed subject to such revised penalties on and after such date.

La. R.S. 15:308(B) provides, in pertinent part, that these more lenient penalty provisions shall apply to the class of persons who committed crimes, who were convicted, or who were sentenced according to the following provisions: La. R.S. 15:529.1(A)(1)(b)(ii) and (c)(ii), provided that such application ameliorates the person's circumstances.

[4] In 1999, the penalty for unauthorized use of a movable was as follows: whoever commits the crime of unauthorized use of a movable having a value of $1,000.00 or less shall be imprisonment for not more than 6 months. Whoever commits the crime of unauthorized use of a movable having a value in excess of $1,000.00 shall be imprisoned with or without hard labor for not more than 5 years. In 1999, the penalty term for attempted possession of a firearm by a convicted felon was 7½ years at hard labor, without benefits. La. R.S. 14:95.1; La. R.S. 14:27.

[5] La. R.S. 14:64 provides that whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than 10 years and for not more than 99 years, without benefit of parole, probation, or suspension of sentence.

3

conviction and sentence, the basis for granting Sewell's motion to correct illegal sentence, and the mandatory sentencing range.

The trial court then reviewed the sentencing guidelines set forth in La. C. Cr. P. art. 894.1, and found the following applicable aggravating circumstances: Sewell manifested deliberate cruelty to the victim; he knowingly created a risk of death or great bodily harm to more than one person in light of the other store patrons nearby as well as the proximity of the gas pumps; Sewell used actual violence in the commission of the offense; his offense resulted in significant injury and economic loss to the victim, who suffered a bullet in his pelvic bone and required surgery; Sewell used a dangerous weapon in the commission of the offense; and he discharged a firearm in the commission of the offense. The trial court ordered that the case minutes reflect that Sewell was convicted of a crime of violence; vacated Sewell's prior sentence; and resentenced him to 75 years at hard labor, without benefit of probation, parole, or suspension of sentence. On November 25, 2019, and again on December 13, 2019, Sewell filed a motion to reconsider his sentence and argued that he should have been granted parole eligibility pursuant to La. R.S. 15:574.4(A)(5).[6] On December 13 and 20, 2019, the trial court denied both motions. The trial court determined that because Sewell was convicted of armed robbery, a crime of violence, and sentenced as a third-felony habitual offender to 75 years at hard labor, he was not entitled to parole eligibility.[7]

_____

[6] Both motions were identical.

[7] La. R.S. 15:574.4(B)(1) provides that no person shall be eligible for parole consideration who has been convicted of armed robbery and denied parole eligibility under the provisions of La. R.S. 14:64.

4

On November 25, 2019, Sewell filed a motion to appeal his sentence, arguing that the sentence imposed was unconstitutionally harsh and excessive, and that he is entitled to a new trial, as the split jury vote of 10 to 2 by which he was convicted, was in violation of his constitutional right to a unanimous jury, *Ramos v. Louisiana*, *supra.* The motion was granted on December 3, 2019.

**DISCUSSION**

*Excessive sentence*

Sewell argues that his 75 years at hard labor, without benefit of probation, parole, or suspension of sentence was harsh and excessive because it was based solely on the facts of the offense, with no consideration of his personal or work history. Sewell disputes the trial court's finding of aggravating circumstances and asserts that no one else was present at the time of the robbery and that there was no significant injury or economic loss to the victim. Sewell further argues that his criminal history had already been considered in his adjudication as a third-felony habitual offender, and that his sentence does not further the ends of justice and is a needless imposition of pain and suffering.

An excessive sentence claim is reviewed by examining whether the trial court adequately considered the guidelines established in La. C. Cr. P. art. 894.1, and whether the sentence is constitutionally excessive. *State v. Wing*, 51,857 (La. App. 2 Cir. 2/28/18), 246 So. 3d 711; *State v. Gardner*, 46,688 (La. App. 2 Cir. 11/2/11), 77 So. 3d 1052. A review of the sentencing guidelines does not require a listing of every aggravating or mitigating circumstance. *State v. Boehm*, 51,229 (La. App. 2 Cir. 4/5/17), 217 So. 3d 596; *State v. Cunningham*, 46,664 (La. App. 2 Cir. 11/2/11), 77

5

So. 3d 477, *writ not cons.*, 16-0729 (La. 06/03/16), 192 So. 3d 758.  When the defendant's motion to reconsider sentence raises only a claim that the sentence imposed was constitutionally excessive, review of the sentence on appeal is restricted to that claim.  La. C. Cr. P. art. 881.1; *State v. Williams*, 51,667 (La. App. 2 Cir. 9/27/17), 245 So. 3d 131, *writ not cons.*, 18-0017 (La. 03/09/18), 248 So. 3d 322; *State v. Turner,* 50,221 (La. App. 2 Cir. 1/20/16), 186 So. 3d 720, *writ denied*, 16-0283 (La. 2/10/17), 215 So. 3d 700.

A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering.  *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Boehm*, *supra*.  A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.  *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166; *State v. Wing, supra*.

The trial court must state for the record the consideration and the factual basis for the sentence imposed.  La. C. Cr. P. art. 894.1(C).  The court must consider the defendant's personal history, the defendant's criminal record, the seriousness of the offense, and the likelihood of rehabilitation, but there is no requirement that specific matters be given any particular weight at sentencing.  *State v. Boehm*, *supra*.  All convictions and all prior criminal activity may be considered as well as other evidence normally excluded from the trial.  *State v. Platt*, 43,708 (La. App. 2 Cir. 12/3/08), 998 So. 2d 864, *writ denied*, 09-0265 (La. 11/6/09), 21 So. 3d 305.

6

The trial court has wide discretion in imposing a sentence within the statutory limits, so absent a showing of an abuse of that discretion, a sentence will not be set aside as excessive. *State v. Mandigo*, 48,801 (La. App. 2 Cir. 2/26/14), 136 So. 3d 292, *writ denied*, 14-0630 (La. 10/24/14), 151 So. 3d 600. The reviewing court does not determine whether another sentence would have been more appropriate, but whether the trial court abused its discretion. *State v. Jackson*, 48,534 (La. App. 2 Cir. 1/15/14), 130 So. 3d 993; *State v. Esque*, 46,515 (La. App. 2 Cir. 9/21/11), 73 So. 3d 1021, *writ denied*, 11-2347 (La. 3/9/12), 84 So. 3d 551.

Any sentence imposed under the habitual offender provisions shall be at hard labor without benefit of probation or suspension of sentence; the benefit of parole is determined by the sentencing provisions for the underlying offense. La. R.S. 15:529.1(G); *State v. Hopkins*, 52,660 (La. App. 2 Cir. 4/10/19), 268 So. 3d 1226, 1230, *writ denied,* 19-00841 (La. 9/24/19), 278 So. 3d 978.

The record shows that the trial court properly sentenced Sewell under La. R.S. 15:529.1(A)(1)(b)(i), as amended in 2001. His sentencing range was 66 to 198 years, so the imposed sentence of 75 years is statutorily appropriate.

The trial court articulated the factual basis for the sentence and specified the facts that it found to be aggravating. Sewell used a firearm to threaten violence against the victim and then shot the victim twice before stealing his money and his vehicle. He then resisted the pursuing officers. The victim required surgery to remove a bullet that lodged in his pelvic bone. Sewell's habitual offender charges and adjudication revealed that he had a history of related conduct: burglary, unauthorized use a of a movable,

and possession of a firearm by a convicted felon. Sewell's instant offense represented a clear escalation in violence that put multiple people at risk of significant harm or death. The sentence of 75 years may seem harsh; however, it is only 9 years above the mandatory minimum established by the legislature in the sentencing provisions for a third-felony habitual offender.

In light of the circumstances of this case, the sentence is not disproportionate to the harm Sewell caused the victim or the threatened to nearby citizens. Sewell fails to show that the sentence imposed was constitutionally excessive or that the trial court abused its discretion in the pronouncement of such sentence. Sewell's claim is without merit.

### *Ramos v. Louisiana*

On May 15, 2020, Sewell filed a supplemental assigned error, relying on the recent ruling in *Ramos v. Louisiana, supra*, where the Supreme Court held that the Sixth Amendment right to jury trial requires a unanimous verdict to convict a defendant of a serious offense.

Sewell argues that the non-unanimous jury issue is properly before this Court because (1) the matter is on direct review due to his resentence on November 13, 2019; and, (2) the matter falls within the scope of appellate review because it constitutes an error patent and is raised as an assigned error.[8] Sewell also contends that a violation of the constitutional right to a

---

[8] La. C. Cr. P. art. 912 (C)(1) provides that a final judgment which imposes sentence is appealable by the defendant. La. C. Cr. P. art. 920 provides that only the following matters shall be considered on appeal: (1) An error designated in the assignment of errors; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.

unanimous jury affects a defendant's substantial rights and implicates the reliability of the fact-finding process.[9]

Sewell asserts that the new interpretation of constitutional law established in *Ramos* applies to his case because of his non-unanimous jury verdict. Sewell argues that because his constitutional right to a unanimous trial was violated, he is entitled to a new trial.

In a similar case, *State v. Brown*, 19-370 (La. App. 5 Cir. 1/15/20), 289 So. 3d 1179, 1188, *writ denied,* 20-00276 (La. 6/22/20), 2020 WL 3453952, the defendant's convictions and sentences for second degree murder and armed robbery were affirmed and became final in 1997. In 2018, Brown was resentenced with parole eligibility pursuant to *Montgomery v. Louisiana*, --- U.S ---, 136 S. Ct. 718, 193 L. Ed. 2d 599 (2016). Brown filed an appeal in which he only argued that he would be entitled to a new trial once *Ramos* was decided because his appeal was "still pending on direct review."

The fifth circuit disagreed:

> For the following reasons, however, we affirm his convictions' finality. Issues related to his conviction are not properly before this court on the instant appeal, given that all such issues already have or should have been heard during his first appeal. This current appeal's sole focus is issues relevant to his resentencing.

*State v. Brown*, *supra* at 1182. The state supreme court denied Brown's writ, with Chief Justice Johnson concurring:

> I concur in the denial of the defendant's writ application despite his conviction by a non-unanimous jury verdict in this case. After Mr. Brown was re-sentenced pursuant to *Miller v.*

---

[9] La. C. Cr. P. art. 921 provides that a judgment or ruling shall not be reversed by an appellate court because of any error, defect, irregularity, or variance which does not affect substantial rights of the accused

*Alabama* 567 U.S. 460, 132 S. Ct. 2455, 183 L.Ed.2d 407 (2012) and *Montgomery v. Louisiana*, --- U.S ---, 136 S. Ct. 718, 193 L. Ed. 2d 599 (2016), he was entitled to an appeal of his new sentence, not the underlying conviction. La. C. Cr. P. art. 912(C)(1). Therefore his 1996 conviction was final long before the United States Supreme Court's decision in *Ramos v. Louisiana*, --- U.S ---, 140 S. Ct. 1390, 206 L. Ed. 2d 583 (2020). I write separately to emphasize that this writ denial does not preclude Mr. Brown from making a collateral challenge to his conviction by non-unanimous jury verdict under La. C. Cr. P. arts. 930.3(1) and 930.8(A)(2).

*State v. Brown*, *supra*, 2020 WL 3453952, at p. 1.

La. C. Cr. P. art. 782 specifies that a case for an offense committed prior to January 1, 2019, in which punishment is necessarily confinement at hard labor shall be tried by a jury composed of 12 jurors, 10 of whom must concur to render a verdict; however, if the offense was committed on or after January 1, 2019, the case shall be tried before of jury of 12 persons, all of whom must concur to render a verdict.

La. C. Cr. P. art. 922 establishes that a judgment of conviction rendered by the supreme court becomes final once the 14-day delay to apply for a rehearing has expired. "The Louisiana Constitution does not provide for a second direct appeal." *State v. Howard*, 53,104 (La. App. 2 Cir. 1/15/20), 289 So. 3d 1176, 1179, *writ denied,* 20-00400 (La. 6/22/20), 297 So. 3d 722. "Once an appellate court renders judgment, and that judgment becomes final, the criminal defendant no longer has a right to appeal the decision, but is limited to seeking supervisory review."

*Ramos* applies only to matters currently pending on direct review. In the instant case, Sewell's conviction became final in 2003, after the state supreme court denied his challenge of this Court's 2002 opinion. The trial court reconsidered Sewell's sentence in light of the legislative changes and

10

*Esteen, supra*, which was limited and did not include reconsideration of any issues regarding his conviction. As such, it is Sewell's resentencing that was pending on direct review when *Ramos* was decided, not Sewell's conviction, which remained final.

Additionally, Sewell has already had the benefit of an error patent review regarding his conviction in his prior appeal, which was affirmed by this Court in a 2002 opinion, and by the state supreme court in its 2003 writ denial. Thus, Sewell is not entitled to a second error patent review. The instant appeal is related to Sewell's resentencing. Any issue regarding Sewell's conviction is therefore outside the scope of this appeal.

## CONCLUSION

For the foregoing reasons, Antonio Sewell's sentence is affirmed.

**AFFIRMED.**